## 23-13194-J

# In the United States Court of Appeals
*for the*
# Eleventh Circuit

ROBERT KELLY, et al.

*Plaintiffs-Appellants,*

*v.*

MARVIN ARRINGTON, JR., et al.

*Defendants-Appellees.*

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
CASE NO: 1:22-cv-01472-LMM
Presiding Judge: Leigh Martin May, U. S. District Court Judge

## INITIAL BRIEF OF APPELLANTS

Mario B. Williams (Ga. Bar No. 235254)
**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C,  Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Appellants*

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## Appeal No. 23-13194-J
## Robert Kelly, et al. v Marvin Arrington Jr., et al.

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In compliance with Federal Rule of Appellate Procedure 26.1 and 28(a), and Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Robert H. Kelly and Ricky L. Blalock, appellants in the above-referenced matter, certify that the following is a complete list of the trial judge and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case on appeal:

1. Abdur-Rahman, Khadijah – Fulton Cty. Commissioner, District 6

2. Anderson, Richard "Dick" – Defendant-Appellee

3. Arrington, Marvin S. Jr. – Defendant-Appellee

4. Barrett, Dana – Fulton Cty. Commissioner, District 4

5. Betts, David – Counsel for Appellants, Betts & Associates

6. Blalock, Ricky L. – Plaintiff-Appellant

7. Board of Commissioners of Fulton County – Defendant-Appellee

8. Boughey, Timothy M. – Counsel for Appellees, Jackson Lewis P.C.

9.   Burwell, Kaye Woodard – Counsel for Appellee, Office of the FCA

10.  Ellis, Bob – Defendant-Appellee

11.  Fulton County Democratic Party

12.  Fulton County Republican Party

13.  Hall, Natalie – Defendant-Appellee

14.  Hausmann, Elizabeth "Liz" – Defendant-Appellee

15.  Hermon, Kenneth  – Defendant-Appellee

16.  Grier, Tonya – Fulton County Clerk to the Commission

17.  Grimberg, Steven D. – U.S. District Judge

18.  Grubbs, Adele – Senior Superior Court Judge in Cobb County

19.  Jo, Y. Soo – Counsel for Appellees, Fulton County Attorney (FCA)

20.  Kelly, Robert H. – Plaintiff-Appellant

21.  Martinez, Dominique – Counsel for Appellee, Office of the FCA

22.  May, Leigh Martin – U.S. District Judge

23.  Morris, Lee – Defendant-Appellee

24.  Pitts, Robert "Robb" – Defendant-Appellee

25.  Richardson, Emily – Fulton County Superior Court Judge

26.  Thorne, Bridget – Fulton Cty. Commissioner, District 1

27.  Williams, Mario Bernard – Counsel for Appellants, HDR LLC

To the Appellants' knowledge, no publicly traded company or corporation has an interest in the outcome of the case or appeal.

Respectfully submitted this 2nd day of October 2023.

/s/Mario B. Williams
Mario B. Williams
Georgia Bar No. 235254

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Bldg. C,  Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Plaintiffs-Appellants*

## REQUEST FOR ORAL ARGUMENT

Robert H. Kelly and Ricky L. Blalock seek oral argument because the issues are novel and oral argument will assist, Appellants believe, this Court in making a well-reasoned determination. The issue in this case has the potential of establishing for this Eleventh Circuit, whether governmental organizations can pass legislation and then use that legislation to administratively target citizens in violation of the law and Constitution.

In this case, Appellees **retroactively** created and then administratively applied—retroactively—a new "resign-to-run" policy, a move deemed unlawful under Georgia law. The Appellants reference the fact that said Policy was administratively and retroactively applied to them, because the Commissioners provided Appellants with a mere two days to decide between resigning voluntarily or facing termination of their employment if they continued their candidacy for the commission. **It is noteworthy that one of the commissioners who voted for the policy was an opponent of one of the Appellants.** Oral argument will assist in honing in on the facts and issues of this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ................................................................................. C-1

REQUEST FOR ORAL ARGUMENT .................................................................. i

TABLE OF AUTHORITIES…................................................................................. iii

JURISDICTIONAL STATEMENT ....................................................................... 1

STATEMENT OF THE ISSUES........................................................................... 1

STATEMENT OF THE CASE .............................................................................. 2

    I.     Statement of the Facts/Procedural History ......................................... 2

    II.    Facts Relevant to District Court's Order.............................................. 3

SUMMARY OF ARGUMENT.............................................................................. 5

STANDARD OF REVIEW.................................................................................... 7

ARGUMENT..........................................................................................................11

CONCLUSION ..................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Anthony v. Penn,*
212 Ga. 292 (1956) …………………………………………………….. 4, 5, 6

*Ashcroft v. Iqbal,*
556 U.S. 662, 677 (2009)……………………………………………………... 9

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 556 (2007)…………………………………………………... 7, 8, 10, 13

*Bitumous Cas. Corp v United Servs. Auto Assn,*
158 Ga. App.739 (1961) …………………………………………………... 4, 6

*Crymes v. DeKalb Cnty., Ga.,*
923 F.2d 1482, 1485 (11th Cir. 1991) ……………………………………... 6, 11, 13

*Erickson v. Pardus,*
551 U.S. 89, 93 (2007) …………………………………………………….. 8

*Gardner v. Toilet Goods Ass'n,*
387 U.S. 167, 172 (1967) …………………………………………………... 8

*Matrixx Initiatives, Inc. v. Siracusano,*
563 U.S. 27, 50 (2011) …………………………………………………….... 10

*Redd v. Hargroves,*
40 Ga. 18 (1869); ………………………………………………………….. 5

*St. George v. Pinellas County,*
285 F.3d 1334, 1337 (11th Cir. 2002) ………………………………....….. 7

*Scott v. Harris,*
550 U.S. 372, 380 (2007) ………………………………………………….. 10

*Simril v. Twp. Of Warwick,*
2001 WL 910948, at *3 (E.D. Pa. Aug. 13, 2001) ………………………….....… 9

*Thaeter v. Palm Beach County Sheriff's Office,*
449 F.3d 1342, 1352 (11th Cir. 2006)……………………………………………… 7

## Statutes & Other Authorities

28 U.S.C. § 1331 ................................................................................ 5

28 U.S.C. § 1343 ................................................................................ 5

28 U.S.C. § 1291 ................................................................................ 5

Ga. Const. Art. I, § I, ¶¶ V, X ……………………………………………...… 1, 6

O.C.G.A. § 1-3-5 ……………………………………………………………...… 1, 6

Fulton County Code § 2-148……………………………………………..…… 13

## JURISDICTIONAL STATEMENT

Pursuant to Federal Rule of Appellate Procedure 28(a)(4) and Circuit Rule 28-1(g), Appellants attest that: (1) the district court had subject-matter jurisdiction over Plaintiffs' complaint under 28 U.S.C. §§ 1331 and 1343; (2) this Court has subject-matter jurisdiction over the district court's final order and judgment under 28 U.S.C. § 1291; and (3) the district court entered its judgment on August 14, 2023 and Appellants timely filed their notice of appeal on September 21, 2023.

## STATEMENT OF THE ISSUES

1.     Whether this Court should reverse and remand with instructions, reasoning that the district court erred in failing to undertake an analysis of whether the Appellants' facts, when considered true, and applied to governing law, demonstrated that the Appellees are not entitled to legislative immunity at this litigation stage, because the facts plausibly suggest that Appellees administratively targeted Appellants retroactively, violating governing statutory law (see O.C.G.A. § 1-3-5) and constitutional law (see Ga. Const. Art. I, § I, ¶¶ V, X.)

2.     Can a law be passed in Georgia and then that same law be retroactively applied to specific persons in a manner that infringes upon already vested rights.

## STATEMENT OF THE CASE

**I.    Statement of Facts/Procedural History**

Mr. Robert Kelly and Mr. Ricky Blalock, candidates for Fulton County Commission in the 2022 Primary Election filed a civil action in Superior Court of Fulton County in March 2022, after six of the county commissioners adopted a resign-to-run resolution, and **directed the Appellee county manager** to retroactively apply the resolution (which became a policy) to Appellants barring them from seeking office unless they quit their **appointed positions as personal staff of the District 6 commissioner**. Appellants sought a temporary restraining order and an injunction because the new policy was enacted just days **after** the Appellants had legally qualified for the ballot.

After an emergency hearing held before Fulton Superior Court Judge Emily Richardson, Appellants were granted a TRO with the judge's edict that everything was to remain "status quo" pending an injunction order. The County ignored the Court's TRO altogether by: 1) stripping Mr. Kelly's and Mr. Blalock's access to the County Government Center by deactivating their access/I.D. badge cards; 2) posting a be-on-the-lookout (BOLO) notice at the security office at the entrance of the Government Center garage where Appellants parked; 3) deactivating Appellants mobile-devices; and 4) deactivating Appellants' email accounts denying them any access to critical messages for the operation of the District 6 Commission Office.

Due to potential conflicts of interest, the entire Fulton Superior Court bench recused itself and Senior Superior Court Judge Adele Grubbs of Cobb County was

assigned the case. Judge Grubbs held a hearing on the TRO and injunction request. Noting that the resolution was in violation of Georgia state law, Judge Grubbs granted an interlocutory injunction forbidding Appellees from terminating Mr. Kelly and Mr. Blalock and allowing them to continue working as personal staff of the District 6 Commissioner while running for the Commission in the 2022 Primary Election [ECF 4-3]. Appellants came in second place in their respective races and were not nominated to be placed on the General Election ballot later that November.

Appellees removed the case to the Northern District. Appellants moved to remand to Fulton Superior Court [ECF 4], then amended their Complaint, [ECF 10-1]. Appellees filed a Motion to Dismiss [ECF 13], and then the case sat dormant for months until the initial district judge recused himself. The case was reassigned to Judge Leigh Martin May. The Court then reviewed the case and approximately one week later, granted Appellees' Motion to Dismiss with prejudice. [ECF 25]. Mr. Kelly and Mr. Blalock appealed to the Eleventh Circuit.

## II.    Facts related to District Court's Order

Relevant to this appeal, in the District Court's Order, the "Plaintiffs argue that Defendants cannot avail themselves of legislative immunity "because they broke State law with malice." Dkt. No. [16] at 9, 12, 18, 21-24." [ECF 25 p. 8, ¶ 3].

At the time the district court acknowledged that Appellants argued: 1) Defendants-Appellees violated state law; and 2) Defendants-Appellees violated state law with malice, the following reasoning by a senior judge sitting from Cobb County

was **a matter of record before the district court**, regarding an emergency TRO motion

by the Appellants, here:

> "The Resolution of March 16, 2022 "Limitations on Candacy for Office" is not
> enforceable against these plaintiffs. It is illegal and contrary to equity and good
> conscience to enforce said Resolution."

[ECF 4-3 p. 8, ¶ 23, Order of Sr. Judge Adele Grubbs, sitting from Cobb County].

Also, before the district court, as **a matter of fact on record**, was Judge Grubbs'

reasoning regarding the illegality and retroactive nature of the Defendants-Appellees'

action and resolution:

> "Robert Kelly qualified for a Commission seat on March 10,2022 and Ricky
> Blalock qualified on March 11,2022. The resolution in question was passed on
> March16, 2022. Retroactive laws are prohibited. Anthony v Penn 212 Ga. 292
> (1956). Once rights have vested there is a Constitutional prohibition against their
> removal. Bitumous Cas. Corp v United Servs. Auto Assn 158 Ga. App.739
> (1961). Here the Plaintiffs had already exercised their right to run for office. In
> fact, Robert Kelly had done so before while working for a Commissioner and
> no[] action had been taken. The County cannot, retroactively, take away that
> right, the alternative been that they are fired from their position on the Staff of
> Commissioner Rahman."

[ECF 4-3 pp. 4-5, ¶ 12, Order of Sr. Judge Adele Grubbs, sitting from Cobb County].

Relevantly, and also **as a matter of demonstrable fact**, while acknowledging

the Appellants argued that the Appellees violated state law—the district court did not

analyze whether the considered-true facts (as applied to controlling law) demonstrated

a violation of the law, and if yes, whether the Appellees were entitled to legislative

immunity at this litigation stage. Notably, in their Amended Complaint, the facts

demonstrating the Appellees enforced/applied said resolution—after—Mr. Blalock and

Mr. Kelly qualified for the commissioner race were mentioned **no less than five times** (see ECF 10-1, Amend. Compl. ¶¶ 7, 9,10,11,12).

In their Response to the Motion to Dismiss—as a matter of record before the district court—Plaintiffs-Appellants argued that Defendants'-Appellees' action enforcing/applying their retroactive resolution to Appellants was unlawful and unconstitutional, thus waiving any immunity of the Defendants-Appellees:

> "Defendants' passing, adopting **and enforcing** a retroactive Resolution (local county law) that targeted Plaintiffs in their attempt to run for public office, in this case, the Fulton County Board of Commissioners, has been ruled an unconstitutional attack on Plaintiffs' clearly established and vested rights and a violation of the Georgia Constitution among other judicial precedents. See Ga. Const. Art. I, § I, ¶¶ V, X; O.C.G.A. § 1-3-5. See also Redd v. Hargroves, 40 Ga. 18 (1869); Anthony v. Penn, 212 Ga. 292, 92 S.E.2d 14 (1956); Superior Court Sr. Judge Grubbs' Order (ECF 1-2) (2022), all which set out longstanding and clearly established broad principles of law applicable herein, that demonstrably show Defendants are not entitled to immunity because their conduct was unlawful."

[ECF 16 pp. 22-23, § VI, ¶ A, Plaintiffs'-Appellants' Resp. to Motion to Dismiss].

## SUMMARY OF ARGUMENT

**This Court should vacate and remand with instructions to undertake the analysis of whether the Appellants' facts, when considered true, and applied to governing law, demonstrate that the Appellees are not entitled to legislative immunity at this litigation stage**. The district court erred by not even analyzing whether the considered-true facts demonstrate a plausible violation of the law, and thus the Appellants were not entitled to legislative immunity. Mr. Blalock and Mr. Kelly

unambiguously pled in their Complaint that they (1) qualified to run for Fulton County commissioner and then (2) the Appellees adopted a resign-to-run resolution (to be implemented in the employee personnel policy manual), which mandated that an employee seeking a seat on the county commission had to resign from his or her employment in order to run for office. (ECF 10-1, p. 4, ¶ 10) Thereafter—**and this is the unlawful act**—the Appellees applied and enforced the new policy retroactively to the Appellants, informing both Mr. Blalock and Mr. Kelly that each must drop out of the race to maintain their jobs and if they did not drop out of the race within 48 hours of adoption of the new resolution, both would be terminated. (See ECF 16, pp. 22-23, Appellants stating that Defendants-Appellees violated the law by "enforcing" (and administratively applying) said law to Appellants, see also ECF 25, p. 8, District Court Order, citing Crymes v. DeKalb Cnty., Ga., 923 F.2d 1482, 1485 (11th Cir. 1991) to support the legal proposition that "for purposes of determining whether absolute legislative immunity is available, a legislative act involves policymaking rather than mere administrative  application of existing policies.")

The Appellants' argument is simple: in Georgia, the law prohibits applying laws enacted after an event has occurred retroactively to impair the rights that have already vested in persons, such as the case with Appellants. Anthony v. Penn 212 Ga. 292; O.C.G.A. § 1-3-5 (Operations of Laws Generally; Retrospective Operation, stating "[l]aws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation….") And, once rights have vested there is a

constitutional prohibition against their removal. <u>Bitumous Cas. Corp v United Servs. Auto Assn</u> 158 Ga. App.739 (1961); <u>See also</u> Ga. Const. Art. I, § I, ¶¶ V, X. There is simply no doubt that this resolution was passed after Mr. Blalock and Mr. Kelly qualified to run for office, and the resolution was enforced/applied retroactively to target the Appellants, as Mr. Blalock and Mr. Kelly were the only two persons working within the entire county government who were **impacted** by the resolution upon its adoption.

Consequently, this Court should vacate and remand with instructions to undertake the analysis of whether the Appellants' facts, when considered true, and applied to governing law, demonstrate that the Appellees are not entitled to legislative immunity at this litigation stage.

**STANDARD OF REVIEW**

Relevantly, "[w]hether the complaint sets forth a violation is a question of law that we review de novo. <u>St. George v. Pinellas County</u>, 285 F.3d 1334, 1337 (11th Cir. 2002)  We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits. <u>Thaeter v. Palm Beach County Sheriff's Office</u>, 449 F.3d 1342, 1352 (11th Cir. 2006)."

**LEGAL STANDARD**
**THAT GENERALLY APPLIES TO 12(b)(6) MOTIONS TO DISMISS**

When confronted with a motion to dismiss, Plaintiff carries the burden of demonstrating that her facts amount to a plausible claim. See <u>Bell Atl. Corp. v.</u>

Twombly, 550 U.S. 544, 556 (2007). This is accomplished by pleading "enough fact to raise a reasonable expectation that discovery will reveal evidence…" to support the claim at issue. Id. at 556. In other words, a plaintiff must plead enough facts to *plausibly suggest* that the particular claim is viable—with emphasis on the phrase plausibly suggest. Id. at 566 (stating, "[w]e think that nothing contained in the complaint invests either the action or inaction alleged with a *plausible suggestion* of conspiracy") (emphasis added); Id. at 557 (stating, "the need at the pleading stage for allegations plausibly suggesting….")

Moreover, to plausibly suggest that a particular claim is viable does not require a surplus of well-pled facts; FED. R. CIV. P. 8(a)(2) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief…." Indeed, FED. R. CIV. P. 8(a)(2) has created a fair-notice standard for complaints and thus only necessitates "short and plaint statements" that "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). This is to say that FED. R. CIV. P. 8(a)(2) does not require an "exposition of [plaintiff's] legal argument" and "need not pin plaintiff's claim for relief to a precise legal theory." Id.

In that context, the Supreme Court has reiterated time and again the following '*general standards*,' so as to notify all courts that Twombly has not created a heightened pleading standard:

1.   A complaint challenged under Rule 12(b)(6) does not have to plead detailed factual allegations. Twombly, 550 U.S. at 555;

2. There exists an assumption that all factual allegations in the Complaint are true—even if doubtful in fact. Id.;

3. A well-pled complaint may proceed even if it strikes a savvy judge that the actual proof of those facts is improbable, and recovery is 'very remote and unlikely.' Id. at 556; and

4. There is no requirement of "heightened fact pleadings of specifics." Id. at 570.

These general standards leave little wonder as to why courts generally disfavor motions to dismiss. Simril v. Twp. Of Warwick, 2001 WL 910948, at *3 (E.D. Pa. Aug. 13, 2001) (stating that "[t]he granting of a Rule 12(b)(6) motion to dismiss "is highly disfavored…."") Since publishing Twombly, the Supreme Court has cited the opinion at least thirteen times, including the case Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009), which is referred to in conjunction with Twombly many times as the "Twombly/Iqbal" standard.  Notably, Iqbal re-enforced the 'plausibly suggests' standard:

A complaint must only "*plausibly suggest* an entitlement to relief." Id. at 681 (emphasis added). On top of that, Iqbal noted the following:

1. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal, 556 U.S. at 679-81;

2. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

"show[n]"— "that the pleader is entitled to relief." Id; and

3. Courts should strike conclusory allegations, when, and only when, they are not supported by well-pled facts within the allegation. Id.

This last point is often misapplied because courts have stricken conclusory statements erroneously, failing to the Supreme Court's admonishment that conclusory statements "might well be sufficient *in conjunction with a more specific allegation*…." to meet the prevailing standard. Id. In 2011, the Supreme Court drove this point home by re-emphasizing that a complaint's conclusory allegations must be "taken collectively" with all facts to determine whether the complaint *plausibly suggests* that a defendant engaged in alleged prohibited conduct. Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 50 (2011).

With that exception established, coupled with the notice-pleading standard's low threshold is the powerful requirement that, at the motion to dismiss stage, courts must accept factual "allegations of [Plaintiff's] complaint and supporting affidavits as true." Gardner v. Toilet Goods Ass'n, 387 U.S. 167, 172 (1967). Additionally, all reasonable inferences derived from those facts must be accepted as true. Id. And, all ambiguities must be resolved in favor of the plaintiff and his or her accepted facts, unless otherwise contradicted by irrefutable evidence. Scott v. Harris, 550 U.S. 372, 380 (2007).

In sum, the plausibility standard requires only that the alleged facts, considered to be true, "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at

555. This is accomplished by plaintiffs "nudg[ing] their claims across the line from conceivable to plausible," pleading enough facts to support the claim at issue. Id. at 556.

## ARGUMENT

The district court erred by applying its legislative immunity analysis to the passage of a face-neutral policy instead of focusing on the fact that the Defendants-Appellees **administratively applied/enforced** said policy, unlawfully, by applying/enforcing an existing policy retroactively. See Crymes, 923 F.2d at 1485. This error happened because the district court failed to adhere to the applicable standard of review at this litigation stage.

To the point, the considered-true facts at this litigation stage demonstrate that legislative immunity does not apply right now. When deeming the well-pled facts true, along with deeming true reasonable inferences therefrom, and resolving all factual conflicts to the non-movants' favor—Plaintiffs'-Appellants' facts plausibly suggest[1] that the issue here is the unlawful administrative application of the policy in question, not the actual passage of the face-neutral policy. That established, by law "If the facts utilized in making a **decision are specific**, rather than general, in nature, then the decision is more likely administrative. Moreover, if the decision **impacts specific**

---

[1] On top of the considered-true facts plausibly suggesting that Appellees unlawfully, administratively applied said policy retroactively, worth repeating, the Plaintiffs-Appellants made this argument before the Court when Appellants stated "Defendants … enforcing [*i.e.*, administratively applying] a retroactive Resolution (local county law) that targeted Plaintiffs" retroactively is unlawful. [ECF 16, pp. 22-23, § VI, ¶ A].

**individuals**, rather than the general population, it is more apt to be **administrative in nature**." <u>Id</u>.

In this case, the facts demonstrated that Mr. Kelly and Mr. Blalock qualified to run for office On March 10, 2022, and March 11, 2022, respectively. After their qualification, the Appellees passed a policy titled "A RESOLUTION TO ADOPT A PERSONNEL POLICY, ESTABLISHING LIMITATIONS ON COUNTY EMPLOYEES SEEKING AN ELECTED OFFICE ON THE GOVERNING AUTHORITY OF FULTON COUNTY," which required persons running for office to resign their employment from the county to run for office. And after the passage of said policy, the county administratively applied the new law retroactively to the Appellants, who had **already qualified** to run for office—**prior to the passage**—of said policy. Because of these indisputable facts, Mr. Blalock and Mr. Kelly argued that after they both qualified for office, the Appellees adopted and—then—had the county administration apply said policy retroactively to Mr. Blalock and Mr. Kelly. (Compare ECF 25, p. 3, ¶ 3, dates of qualification, with ECF 25, p. 4, ¶ 3, passage of the policy, with ECF 10-1, p. 4, ¶ 11, showing the country administratively applied the policy retroactively to the Appellants.)

The issue is not the policy itself, which states: "Limitations on Candidacy for Office. Fulton County employees who seek election to the governing authority as a Fulton County commissioner must absent themselves from work by resigning from their position, until such time the employee is no longer seeking a commission seat." (ECF

10-1, p. 4 ¶ 10, Amend. Compl.). One could read that policy and believe that it applies going forward to everyone, generally. See Crymes, 923 F.2d at 1485.

Rather, the issue in this case is whether the facts demonstrate a plausible suggestion that a specific decision was made to apply/enforce said policy **retroactively** to impact specific individuals, the Appellants. Id. If yes, and the following point is the linchpin of this legal analysis: legislative immunity does not and has never protected the unlawful administrative application of a law. And even the district court recognized that axiom in its Order. Id.; see also ECF 25, p. 8, District Court Order.

Also, the standard of review is extremely significant at this stage because, if there was any doubt, based on the pled facts, as to whether the Appellee commissioners directed the Appellee county manager and the Appellee chief human resources officer to administratively and retroactively apply said policy to the Appellants—that doubt must be resolved to the favor of the Appellants at this litigation stage. And, an entirely reasonable inference from the well-pled facts is that sending Mr. Blalock and Mr. Kelly an administrative letter telling them that the new policy applies retroactively to their candidacies came at the direction of the Appellee commissioners, all of whom had just passed said policy **within days** of Appellants qualifying for the Primary Election for county commissioner.

As the standard says, just because a savvy judge may believe "the actual proof of those facts is improbable," a well-pled complaint can go forward. See Twombly, 550 U.S. at 556. Relevantly, in this case proving that the Appellees **directed** the

application of said policy specially to the Appellants is easy because the Appellants pled

facts surrounding a letter from the Appellee county manager, which states:

> "Dear Mr. Blalock [Mr. Kelly], On March 16, 2022, **the Board of Commissioners** adopted the Fulton County Personnel Policy regarding Limitation on Seeking Elected Office ("the Policy") **and have instructed me to proceed** with implementation in my capacity as co-appointing authority pursuant to Fulton County Code § 2-148. As such, you are hereby placed on notice that your continued employment is in violation of the Policy due to your candidacy for a seat on the Fulton Conty Board of Commissioners. Accordingly, your employment with the County will automatically terminate at 5:00 pm on Tuesday, March 22, 2022 – with March 21-22, 2022 on paid administrative leave–unless you resign submit proof that you have withdrawn your candidacy for a seat on the Fulton County Board of Commissioners by 5:00 p.m. on Friday, Marech 18, 2022." [Emphasis added.]

Discovery will also easily reveal that after the March 16, 2022, actions by the

Appellees, on or about two meetings later, on April 20, 2022, the Commission adopted

another resolution to expressly state the policy is prospective and not retroactive, **even**

**though the Commission had already directed subordinates to apply said policy**

**retroactively to the Appellants**.

In sum, the district court never even addressed the standard as applied to the pled

facts; instead, the district court discussed whether legislative immunity applies to

actions allegedly taken with malice. (ECF 25, p. 7, § B). That is error and because of

that, alone, Mr. Blalock and Mr. Kelly request that this Court reverse and remand with

instructions to the district court to apply the facts to the proper legal standard to

determine whether at this litigation stage the Appellants have plausibly suggested that

the Appellees administratively applied a policy retroactively and as such, Appellees are

not entitled to legislative immunity right now.

## CONCLUSION

WHEREFORE, because of the foregoing facts, statements and reasons, this Court

should reverse and remand with instructions.

Respectfully submitted this 13th day of March 2024,

/s/ MARIO B. WILLIAMS
Mario B. Williams
Ga. Bar No. 235254


**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C,  Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

*Check the appropriate box in section 1, and check the box in section 2.*

**1.    Type-Volume**

☑  This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f) and 32(a)(7)(B)(iii), this document contains **3,646** words.

**or**

☐  This brief complies with the line limit of FRAP [insert Rule citation] because, excluding the parts of the brief exempted by FRAP 32(f) and [insert applicable Rule citation, if any], this brief uses a monospaced typeface and contains [state the number of] lines of text.

**2.    Typeface and Type-Style**

☑  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 Version 11 with 14 point Times New Roman font style.

**/s/ Mario B. Williams**

**Attorney for Appellants**

**Dated: March 13, 2024**

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, a copy of the foregoing brief was served via CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing. I further hereby certify that on March 13, 2024, pursuant to Circuit Rule 25(a)(2)(A)(ii), a paper copy of the foregoing was dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by U.S. mail or by a third-party commercial carrier to:

Office of the Clerk
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W., Atlanta, Georgia 30303

/s/ MARIO B. WILLIAMS
Mario B. Williams
Ga. Bar No. 235254

**HUMANITY DIGNITY AND RIGHTS LLC**
5600 Roswell Road
Building C,  Suite 103
Sandy Springs, Georgia 30342
(404) 341-4434
mwilliams@hdrattorneys.com
admin@hdrattorneys.com
***Counsel for Appellants***