[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13194

Non-Argument Calendar

_____

ROBERT H. KELLY,
RICKY L. BLALOCK,

Plaintiffs-Appellants,

*versus*

BOARD OF COMMISSIONERS, FULTON COUNTY,
COMMISSIONER MARVIN S. ARRINGTON, JR.,
COMMISSIONER NATALIE HALL,
COMMISSIONER ELIZABETH HAUSMANN,
COMMISSIONER BOB ELLIS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01472-LMM

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Robert Kelly and Ricky Blalock sued six Fulton County, Georgia, commissioners (among others), alleging that the commissioners tortiously interfered with Kelly's and Blalock's employment contracts and retaliated against them in violation of the First Amendment. The district court dismissed the complaint with prejudice. Kelly and Blalock appeal the dismissal of their complaint only as to the individual commissioners, arguing that the commissioners were not entitled to legislative immunity. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2022, Kelly and Blalock were employed by Fulton County Commissioner Khadijah Abdur-Rahman. Both Kelly and Blalock qualified to run for seats on the Fulton County Board of Commissioners. Blalock qualified to run against incumbent Commissioner Elizabeth Hausmann, while Kelly qualified to run against incumbent Commissioner Marvin Arrington.

Within the same week that Kelly and Blalock qualified for the elections and when Commissioner Abdur-Rahman was out of town, the other commissioners on the Board held a meeting to vote on a resolution to change Fulton County's personnel policy. The proposed resolution stated: "Fulton County employees who seek election to the governing authority as a Fulton County commissioner must absent themselves from work by resigning from their position, until such time the employee is no longer seeking a commission seat." The six commissioners who attended the Board meeting—Marvin Arrington, Elizabeth Hausmann, Natalie Hall, Bob Ellis, Lee Morris, and Robert Pitts—unanimously passed the resolution, and it became effective immediately.

On the same day the resolution passed, Kelly and Blalock received letters from Fulton County Manager Richard Anderson, requiring them to withdraw from the elections or be fired. Soon after receiving the letters, Kelly and Blalock sued Anderson, Arrington, Hausmann, Hall, Ellis, Morris, Pitts, and Fulton County Human Resources Director Kenneth Hermon in Georgia state court, seeking a temporary restraining order stopping the defendants from enforcing the resolution. The Georgia trial court granted both a temporary restraining order and a preliminary injunction, prohibiting the defendants from terminating Kelly and Blalock for failing to withdraw from the elections.

The defendants removed the case to the Northern District of Georgia, and Kelly and Blalock then amended the original complaint. The amended complaint brought a tortious interference

claim under Georgia law and a First Amendment retaliation claim under 42 U.S.C. section 1983, alleging that the defendants' actions tortiously interfered with their employment contracts and violated their First Amendment rights by attempting to terminate them for running for office.

The defendants moved to dismiss the amended complaint, arguing (among other things) that legislative immunity barred the claims against the commissioners. In response, Kelly and Blalock contended that legislative immunity did not apply because the retroactive and targeted resolution violated controlling Georgia and federal law such that passing the resolution fell outside the commissioners' legislative authority. The district court dismissed the amended complaint with prejudice, concluding that legislative immunity barred the claims against the commissioners because the claims arose from the commissioners "proposing, discussing, and voting on the [r]esolution," all of which were "quintessentially legislative."

Kelly and Blalock appeal the district court's dismissal of the amended complaint against the commissioners.

## STANDARD OF REVIEW

"We review a district court's grant of a motion to dismiss with prejudice de novo, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 863–64 (11th Cir. 2017) (cleaned up).

## DISCUSSION

Kelly and Blalock argue the district court erred in concluding that legislative immunity barred their claims against the commissioners.  We disagree.

Legislative immunity provides immunity from liability for "all actions taken 'in the sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 48 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 372, 376 (1951)).  This principle is embedded in both the United States Constitution and Georgia Constitution.  *See* U.S. Const. art. I, § 6; Ga. Const. art. III, § IV, para. IX.  Under federal common law, "local legislators," like county commissioners, "are entitled to absolute immunity from [section] 1983 liability for their legislative activities."  *See Bogan*, 523 U.S. at 49–54; *see also Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1061, 1063–65 (11th Cir. 1992) (concluding that legislative immunity barred claims against county commissioners).  Georgia common law has also extended legislative immunity to county commissioners, immunizing them "from 'any type of legal action' brought against them in connection with acts performed . . . in their legislative capacities." *Starship Enter. of Atlanta, Inc. v. Nash*, 850 S.E.2d 187, 190 (Ga. Ct. App. 2020) (quoting *Village of N. Atlanta v. Cook*, 133 S.E.2d 585, 588 (Ga. 1963)).

While county commissioners are immune from suit for legislative acts, they are not immune from suit for administrative acts. *Corn v. City of Lauderdale Lakes*, 997 F.2d 1369, 1392 (11th Cir. 1993) (citation omitted).    Legislative acts include voting on

"prospective . . . rules that have general application," *Bryant v. Jones*, 575 F.3d 1281, 1306 (11th Cir. 2009) (quotation omitted); *Starship Enter.*, 850 S.E.2d at 190 (concluding that county commissioners were entitled to legislative immunity for passing an ordinance that had general application), while administrative acts generally "impact[] specific individuals," *Crymes v. DeKalb County*, 923 F.2d 1482, 1485 (11th Cir. 1991); *Dawson Cnty. Bd. of Comm'rs v. Dawson Forest Holdings, LLC*, 850 S.E.2d 870, 876 (Ga. 2020) (concluding that county commissioners were not entitled to legislative immunity for enforcing zoning regulations against a single landowner). "Employment decisions generally are administrative except when they are accomplished through traditional legislative functions such as policymaking and budgetary restructuring that strike at the heart of the legislative process." *Bryant*, 575 F.3d at 1306 (quotation omitted); *see Bogan*, 523 U.S. at 54–56 (concluding that a city council member was entitled to legislative immunity for voting to remove a position from the city's budget because the act involved budgetary policymaking).

Here, the amended complaint alleged that the commissioners voted on a "resolution [that] wrongfully, unlawfully, and retroactively terminate[d]" Kelly's and Blalock's employment, tortiously interfering with their employment contracts and violating their First Amendment rights. The resolution was a "prospective . . . rule[] that ha[d] general application" to not just Kelly and Blalock, but all current and future Fulton County employees. *Bryant*, 575 F.3d at 1306. Voting on this generally applicable resolution was an act of policymaking that fell into the core of legislative acts

protected by both federal and Georgia common law. *See Bogan*, 523 U.S. 55–56; *Starship Enter.*, 850 S.E.2d at 190. Because the claims against the commissioners arose from voting on the resolution, legislative immunity bars both the tortious interference claim under Georgia law and the section 1983 claim under federal law. *See Bogan*, 523 U.S. 55–56; *Starship Enter.*, 850 S.E.2d at 190.

In response, Kelly and Blalock attempt to recast their complaint on appeal, arguing it sufficiently alleged that the individual commissioners not only voted on the resolution but also had County Manager Anderson enforce the resolution against them. In support, they cite the letters sent by County Manager Anderson, which stated: "the Board of Commissioners adopted the Fulton County Personnel Policy regarding Limitation on Seeking Elected Office ('the Policy'), and have instructed me to proceed with implementation in my capacity as co-appointing authority." So, they argue that the individual commissioners are not entitled to legislative immunity because the enforcement of the resolution was administrative, not legislative.

But the amended complaint did not allege that the commissioners were the ones who enforced the resolution against Kelly and Blalock. Instead, it alleged that the commissioners unanimously voted to pass the resolution, and "[t]he resolution wrongfully, unlawfully, and retroactively terminate[d]" Kelly's and Blalock's employment. While the amended complaint alleged that County Manager Anderson enforced the resolution against Kelly and Blalock by sending them letters, it never alleged that the

commissioners had anything to do with the enforcement of the resolution. Indeed, the amended complaint did not incorporate the letters' text, and the letters were not attached to it.[1] While we must construe the amended complaint's factual allegations in the light most favorable to Kelly and Blalock, *see Boyd*, 856 F.3d at 863–64, we cannot simply rewrite their complaint on appeal to add factual allegations and include additional attachments to avoid legislative immunity. Because the complaint only alleged that the commissioners violated the law by voting to pass the resolution, the commissioners are entitled to legislative immunity.

Even if it could be reasonably inferred from the amended complaint that the commissioners enforced the resolution and were, therefore, not entitled to legislative immunity, Kelly and Blalock failed to preserve this argument by not clearly raising it in the district court. "It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal." *Bryant*, 575 F.3d at 1308. Here, in response to the motion to dismiss, Kelly and Blalock never clearly argued

---

[1] While the letters were attached to the original complaint, they were not attached to the amended complaint or referenced as an exhibit to the amended complaint. Because the amended complaint "superseded" the original complaint and rendered the original "complaint (and its attached exhibits) . . . a legal nullity," the letters were not a part of the amended complaint. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)) (alteration omitted).

that the commissioners were not entitled to legislative immunity because a reasonable inference from the complaint was that the commissioners enforced the resolution by instructing County Manager Anderson to send the letters. Instead, they argued that the commissioners were not entitled to legislative immunity because voting on an unlawfully retroactive resolution was outside their legislative authority. While Kelly and Blalock point to stray references in their response stating that the "[d]efendants' unlawfully passed, adopted, and enforced a retroactive law," these stray references were ambiguous given that "[d]efendants" included not just the commissioners, but the other county administrators, County Manager Anderson and Human Resource Director Hermon, who actually did enforce the resolution. Further, stray references to the commissioners' enforcement of the resolution does not squarely raise the issue that their alleged enforcement was an administrative act not entitled to legislative immunity. *See United States v. F.E.B. Corp.*, 52 F.4th 916, 933 (11th Cir. 2022) (concluding that three stray references to an issue was insufficient to preserve the issue on appeal); *cf. Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." (quotation omitted)).

**AFFIRMED.**